1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8  FRANK ENEPI SISNEROZ, | CASE NO. 1:10-cv-00876-GBC (PC) |
| 9            Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE |
| 10      v. | (Doc. 9) |
| 11  STEVEN MAYBERG, et al., | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE |
| 12            Defendants. | TO STATE A CLAIM UNDER SECTION 1983 (Doc. 1) |
| 13 | |
| 14 | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. 8) |
| 15 | |
| 16                                    / | THIRTY-DAY DEADLINE |

17

18

**I.      Procedural History**

19

20          Plaintiff Frank Enepi Sisneroz ("Plaintiff") is a civil detainee involuntarily committed

21   pursuant to California's Sexually Violent Predator Act ("SVPA"), Cal. Welf, & Inst. Code § 6600,

22   et seq., and is proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff

23   is proceeding pro se and in forma pauperis in this action.  On May 17, 2010, Plaintiff filed the

24   original complaint which is presently before this Court. (Doc. 1).  On October 12, 2010, Plaintiff

25   filed a motion for injunctive relief.  (Doc. 8).  On December 8, 2010, Plaintiff filed a motion to

26   consolidate this action.  (Doc. 9).

///

27

///

28

1

1   **II.     Consolidation of Action**

2         On December 8, 2010, Plaintiff motioned to consolidate this action with a related case, *Allen*

3   *v. Mayberg, et al.*, 1:06-cv-1801-BLW.  (Doc. 9).  In *Allen v. Mayberg*, On March 16, 2009, the

4   court consolidated several similar cases from sexually violent predators housed at Coalinga State

5   Hospital regarding the new regulation restricting their ability to access certain electronics.  *Allen v.*

6   *Mayberg, et al.*, 1:06-cv-1801-BLW, at Doc. 24.  On July 23, 2010, the Court in *Allen v. Mayberg*,

7   ordered that all related cases in the district were to be referred to the court for consolidation within

8   thirty days otherwise, no further cases would be considered for consolidation.  *Id.* at Doc 54.

9   Although Plaintiff filed this action on May 17, 2010, it was overlooked for consolidation.  On

10  September 14, 2010, Plaintiff's action was transferred to the undersigned.  Plaintiff's motion to

11  consolidate his case pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is untimely and

12  therefore, Plaintiff's motion is DENIED.  (Doc. 9).

13

14  **III.    Screening Requirement**

15        The Court is required to screen complaints brought by prisoners seeking relief against a

16  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

17  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

18  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

19  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

20  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

21  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

22  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

23        'Under § 1915A, when determining whether a complaint states a claim, a court must accept

24  as true all allegations of material fact and must construe those facts in the light most favorable to the

25  plaintiff.'  *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden*

26  *Hayes*, 213 F.3d 443, 447 (9th Cir.2000).  'Additionally, in general, courts must construe pro se

27  pleadings liberally.'  *Id.*  A complaint, or portion thereof, should only be dismissed for failure to state

28  a claim upon which relief may be granted "if it is clear that no relief could be granted under any set

1    of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467

2    U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

3    *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

4    (9th Cir. 1986).   In determining whether to dismiss an action, the Court must accept as true the

5    allegations of the complaint in question, and construe the pleading in the light most favorable to the

6    plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

7    (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

8

9    **IV.    Plaintiff's Complaint**

10            **A.    Summary of Allegations**

11           Plaintiff is a civil detainee involuntarily committed pursuant to California's SVPA and is

12   currently detained at Coalinga State Hospital ("CSH")) in Coalinga, California.   According to

13   Plaintiff, CSH's former policy was originally implemented on July 28, 2006, when administrators

14   at CSH issued Administrative Directive (AD) 654, which permitted patients to own laptop

15   computers. (Doc. 1 at 5-6; Pltf's Exhibit A).  AD 654 was amended on October 2, 2006, to provide

16   that laptop ownership was a privilege rather than a right. (Doc. 1 at 6-7; Pltf's Exhibit C).  In 2009,

17   the Department of Mental Health (DMH) passed an emergency regulation which prohibited

18   possession of various electronic devices with the capability to connect to a wired and/or wireless

19   communications network.[1]   Cal. Code Regs., tit. 9 § 4350 (2010).  Plaintiff states that he owns the

20   following electronic devices that are scheduled to be confiscated: 1) Dell Inspiron 1525 laptop

21   computer with 3 SanDisk 16 GB flash drives; 2) one XT Porter GB flash drive; 3) three Kingston

22   8 GB Micro Memory Sticks; 4) one TX Palm Pilot; 5) one Sony PSP Game System and the games

23   and Battery Pack which go with the game system. (Doc. 1 at 3).[2]

24           In the complaint, Plaintiff names Stephen Mayberg, Director of the California Department

25

26         [1] The final regulation was issued in 2010.

27         [2] Plaintiff also cites to "Exhibit C" for a complete list of electronics which include a Radio, DVD player and
     TV, however, Plaintiff does not state that such electronic devices are subject to the new regulation. (Doc 1 at3; Pltf's
28   Exhibit C).

1  of Mental Health and Pam Ahlin, Executive Director of Coalinga State Hospital ("Defendants") in

2  their official capacities as defendants in this action. Plaintiff alleges that the emergency regulation

3  violates his rights under the First, Fourth, Fifth, and Fourteenth Amendments, and constitutes breach

4  of contract under state law. (Doc. 1 at 15-18). Plaintiff seeks damages and injunctive relief to

5  prevent the Department of Mental Health from enforcing the new regulation which will lead to the

6  confiscation of Plaintiff's personal property. (Doc. 1 at 2, 18-20).

7          **B.**      **Case or Controversy Requirement**

8        "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold

9  requirement imposed by Article III of the Constitution by alleging an actual case or controversy."

10  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);

11  *Human Life of Washington Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010); *Chandler v. State*

12  *Farm Mutual Auto. Ins. Co.*, 598 F.2d 1115, 1121-22 (9th Cir. 2010). This requires Plaintiff to

13  demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a

14  likelihood that the injury will be redressed by a decision in his favor. *Human Life of Washington*

15  *Inc.*, 624 F.3d at 1000 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130

16  (1992)) (quotation marks omitted). Related to standing is the doctrine of ripeness, which precludes

17  from consideration injuries that are speculative and may never occur. *Chandler*, 598 F.3d at 1122

18  (citation omitted). Ripeness is a question of timing and can be characterized as standing on a

19  timeline. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en

20  banc) (quotations and citations omitted).

21        At the time Plaintiff filed this action, his laptop and PSP had not been confiscated pursuant

22  to section 4350 and it is unclear when or even if the regulation will be enforced against Plaintiff.

23  The mere existence of the regulation does not satisfy the case or controversy requirement, *Thomas*,

24  220 F.3d at 1139 (citation omitted), and therefore, Plaintiff's claims are unripe and are subject to

25  dismissal for lack of subject matter jurisdiction.[3] However, given the passage of time between the

26  _____

27      [3] Plaintiff's contract claim is premised on the changes made to AD 654 in 2006. However, section 1983
claims must be premised on the violation of the Constitution or other federal rights, *Nurre v. Whitehead*, 580 F.3d

28  1087, 1092 (9th Cir 2009), and the Court declines to reach the viability of a state law contract claim in the absence
of any federal claims upon which to base supplemental jurisdiction. 28 U.S.C. § 1367(a); *Herman Family*

1   initiation of this suit and the issuance of the screening order, the Court will permit Plaintiff leave to

2   amend in the event that this deficiency is curable. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

3   2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

4

5   **V.      Preliminary Injunction**

6        "A preliminary injunction is an extraordinary remedy never awarded as a matter of

7   right."   *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376

8   (2008)(citation omitted).  "A plaintiff seeking a preliminary injunction must establish that

9   he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

10  of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

11  in the public interest." *Id*. at 374 (citations omitted).  An injunction may only be awarded

12  upon a clear showing that the plaintiff is entitled to relief.   *Id*. at 376 (citation

13  omitted)(emphasis added).   The Ninth Circuit has made clear that "[T]o the extent that our

14  cases have suggested a lesser standard, they are no longer controlling, or even viable.*"*

15  *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking*

16  *Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The moving party

17  has the burden of proof on each element of the test. *Environmental Council of Sacramento*

18  *v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

19       A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction,

20  as a threshold and preliminary matter the court must have before it for consideration a "case"

21  or "controversy." *Flast v. Cohen*, 392 U.S. 83, 88 (1968).  If the court does not have a "case"

22  or "controversy" before it, it has no power to hear the matter in question. *Rivera v. Freeman*,

23  469 F. 2d 1159, 1162-63 (9th Cir. 1972).  "A federal court may issue an injunction if it has

24  personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may

25  not attempt to determine the rights of persons not before the court." *Zepeda v. United States*

26  _____

27  *Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

28

1 | *Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

2 |       Plaintiff has not met his burden as the moving party. "[A] preliminary injunction is

3 | an extraordinary and drastic remedy, one that should not be granted unless the movant, *by*

4 | *a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968,

5 | 972 (1997) (quotations and citations omitted) (emphasis in original). A *mandatory*

6 | preliminary injunction, such as that sought by plaintiff in the instant motion, "is subject to

7 | heightened scrutiny and should not be issued unless the facts and the law clearly favor the

8 | moving party." *Dahl v. Hem Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). As

9 | the moving party, it is plaintiff who bears the burden, and the burden does not shift to

10 | defendants unless and until plaintiff's burden has been met.

11 |       As Plaintiff has failed to demonstrate that the Court has jurisdiction to hear his claim,

12 | the Court, in its discretion, will deny the motion for a preliminary injunction without

13 | prejudice.

14

15 | **VI.**    **Conclusion and Order**

16 |       Based on the foregoing, it is HEREBY ORDERED that:

17 |     1.     Plaintiff's motion to consolidate is DENIED (Doc. 9);

18 |     2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

19 |     3.     Plaintiff's complaint, filed May 17, 2010, is dismissed for failure to state a claim

20 |         upon which relief may be granted (Doc. 1);

21 |     4.     Plaintiff's motion for injunctive relief, filed October 12, 2010, is DENIED (Doc. 8);

22 |     5.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

23 |         amended complaint; and

24 |     6.     If Plaintiff fails to file an amended complaint in compliance with this order, this

25 |         action will be dismissed for failure to state a claim.

26 | IT IS SO ORDERED.

27

Dated:    July 28, 2011

28 |                        UNITED STATES MAGISTRATE JUDGE